W. M. D. ANTIGNANCE *v.* THE CENTRAL BANK OF GEORGIA.

Where property is conveyed in trust for the payment of debts generally, one creditor cannot, to the exclusion of all others, appropriate the property or the proceeds to the payment of his debt, unless he can establish a right to prior satisfaction out of the trust property.

The same rule that would govern in the application of money arising from the sale of property situated in this State, conveyed in trust in another State, will be applied to the disposition of the property, under the principles of equity, to an action instituted in the courts of this State.

The application of property or money by a trustee, conveyed for the purpose of paying creditors generally, exclusively to the discharge of one claim, would be a breach of trust.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

On the 31st of January, 1850, the plaintiffs in error, who were the complainants below, filed their bill in the district chancery court at Holly Springs, alleging that, in April, 1842, the Georgia Insurance and Trust Company recovered a judg-

ment in the superior court of McIntosh county, Georgia, against the Bank of Darien, for the sum of $10,013.28, with interest thereon from the 6th of July, 1841, and the costs of suit; the said trust company and the said bank being corporations chartered by laws of the State of Georgia. That the complainants had become the owners of said judgment, and that the Bank of Darien had failed, and become, in the State of Georgia, wholly irresponsible.

That the Central Bank of Georgia, another corporation chartered by a law of the State of Georgia, was a large stockholder in the Bank of Darien, and, after the failure of the latter bank, the legislature of Georgia passed an act, turning over the assets of the Bank of Darien to the Central Bank, as receiver, or in trust for the parties interested, and the Central Bank has since acted in all things as the agent of the Bank of Darien.

That the complainants, on the 5th of August, 1850, caused a writ of *scire facias* to be issued from the superior court of Baldwin county, Georgia, in the name of the Georgia Insurance and Trust Company, upon the said judgment against the Bank of Darien, and served on D. C. Campbell, sole director of the Central Bank, and on the 26th of August, 1850, the Georgia Insurance and Trust Company recovered a judgment in said court against the Bank of Darien for $10,013.28, with interest, costs, &c., upon which judgment an execution has been issued, and returned *nulla bona.*

That the Bank of Darien has acquired ten sections of land in the State of Mississippi. That said bank never held the legal title to said lands, or, if it did, the legal title is not now in said bank; but said bank was the beneficial owner of said lands, or paid the consideration which was given for them, and the said lands are now held by the defendant Benjamin A. White, in trust for the Bank of Darien or the Central Bank. That the complainants charge the fact to be, that said lands are now justly chargeable, with their debt, in the premises, as the property of the Bank of Darien, or as assets of said bank which have passed into the hands of the Central Bank, as a stockholder in the Bank of Darien.

The answer of the Central Bank admits the recovery of the

judgment against the Bank of Darien, as stated in the bill; that that judgment belongs to the complainants, and is unpaid; that the Bank of Darien has failed and is irresponsible, and that the State of Georgia is a stockholder in the Bank of Darien to the extent of seven tenths of the whole. Admits that, on the 10th of December, 1841, the legislature of Georgia passed an act to repeal the charter of the Bank of Darien, and to provide for the settlement of its affairs, by virtue of which act the assets of the Bank of Darien were turned over to the Central Bank. Denies that the Central Bank is the agent of the Bank of Darien, and insists that it is the agent of the State of Georgia, and that the Bank of Darien, as a corporation, is extinct; its charter having been repealed by the act of December 10, 1841. Admits the revival of the judgment against the Bank of Darien, as stated in the bill. Denies that the Bank of Darien ever acquired the legal or equitable title to the lands sought to be subjected to the judgment of the complainants, and insists that the legal title to those lands is vested in the Central Bank, as appears from exhibit A. to its answer. Denies that the Bank of Darien was ever the beneficial owner of said lands, its charter having been repealed more than two years before those lands were acquired by the Central Bank; or that the Bank of Darien paid the consideration for those lands; or that those lands are held by Benjamin A. White in trust for the Bank of Darien or the Central Bank; or that those lands were among the assets of the Bank of Darien which were turned over to the Central Bank, under the act of December 10, 1841; or that those lands are subject to the claim of the complainants. Admits that the defendant George H. Young is the agent of the State of Georgia, appointed by the governor of the State, for the sale of the lands in controversy; and denies that the Central Bank has appointed any other agent for the sale of the lands.

States that, among the other assets of the Bank of Darien, that were turned over to the Central Bank, under the act of December 10, 1841, was a note of F. V. Delaury for $21,230, originally, but reduced by payments to $10,995, with Benjamin A. White, R. K. Hines, and C. J. Poins, as indorsers, upon

which note the Central Bank commenced a suit and obtained a judgment; after which a proposition was made by said White to the Central Bank, and acceded to, that said lands should be received by the Central Bank in payment of said judgment; and the lands are now held by the Central Bank, to be appropriated, when sold, to the payment of the creditors of the Bank of Darien, according to their liens.

That the Central Bank is itself a creditor of the Bank of Darien, to the amount of $54,180, on account of the bills of the Bank of Darien, besides a balance of account, due from the Bank of Darien, amounting to $29,118.79, and has also other large claims, filed by order of the legislature, at various times, as set forth in the report of D. C. Campbell to the legislature, which is filed with the bill as exhibit B.

Suggests that, in equity, creditors whose claims have been filed in accordance with the laws and regulations of the State of Georgia, should not be defeated or postponed by an attempt to secure an unjust preference in a foreign jurisdiction, where the rights of the various claimants cannot be properly settled.

Disclaims holding the lands as the property of the Central Bank, or in trust for any person; but asserts that the Central Bank holds the lands as the agent of the State of Georgia, which, by the act of December 10, 1841, assumed the custody of the assets of the Bank of Darien, and has repeatedly, through its authorities, called upon the creditors of the Bank of Darien to appear and set forth their demands, in order that the same might be paid.

Alleges that the lands in controversy constitute almost the entire fund now remaining for the payment of the various creditors of the Bank of Darien.

The court below dismissed the bill, and complainant prayed this writ of error.

*J. W. C. Watson*, for appellant.

*Stearns* and *Harris*, for appellee.

*D. C. Glenn*, on the same side.

10 *

Mr. Justice FISHER delivered the opinion of the court.

This was a bill filed in the vice-chancery court at Holly Springs, to subject certain lands to the payment of a judgment recovered at the April term, 1842, of the superior court of McIntosh county, State of Georgia, by the Georgia Insurance and Trust Company against the Bank of Darien, which judgment the complainants now hold, as assignees of the Georgia Insurance and Trust Company.

The lands in controversy were conveyed by one White to the Central Bank of Georgia; and it is charged in the bill that this bank holds them in trust for the Bank of Darien; and it is upon this ground, that the effort is made to subject them to the payment of complainants' judgment against that institution.

The answer, on the contrary, discloses this state of case. By an act of the legislature of the State of Georgia, approved the 10th of December, 1841, the charter of the Bank of Darien, with certain exceptions, was repealed; and by another provision of the law, the assets and property of the corporation were transferred to the Central Bank, for the purpose of paying the debts of the former bank. Among the assets thus transferred was a note, upon which White was an indorser. This note was afterwards reduced to a judgment, in payment of which White transferred to the Central Bank ten sections of land in this State, being the same lands now in litigation.

The judgment against White and others being assets for the payment of the debts of the Bank of Darien, the trust would attach to the lands, and they would be liable for the same purpose and to the same extent that the judgment itself would be in the payment of debts.

Under this statement of the case, there is but one question requiring consideration, and that is, whether the lands being a trust fund, for the payment of debts generally, the complainants have established a right to prior satisfaction out of the trust property.

It cannot be pretended that a judgment recovered in the State of Georgia is a lien upon property in this State. It is not shown, that if the lands had been converted into money, and paid into the Central Bank of Georgia, the judgment would

be a lien upon the money, or entitled to any preference over other valid debts out of the trust fund. Admitting, then, that as the lands were, by the nature of the trust, to be converted into money, and will be treated in a court of equity as money in the vaults of the bank, the complainants have failed to show, that under the laws of Georgia the Central Bank would be required, in executing the trust, to apply the money exclusively in payment of the complainants' debt. Whatever would be a correct application of the money arising from a sale of the lands by the trustee, in the State of Georgia, would be correct as to the disposition of the lands under the principles of equity governing the action of the court in this State.

The Central Bank, so far as the case appears by the record, must be governed by the principles of equality in distributing the trust fund, or in administering the trust property. The court can only compel the trustee to perform his duty in the manner required by the trust itself. An application of the lands or money arising from their sale, exclusively to the discharge of the complainants' debt, by the trustee, would be a palpable breach of the trust. It is unnecessary to say that no court will compel a party to violate his duty, or to do what he could not voluntarily do without a breach of his trust.

The court, in redressing grievances, first ascertains the nature and extent of the right withheld, or duty violated, and compels the party to do what in equity or law he ought voluntarily to have done. Here we discover no violation of duty on the part of the defendant, and no right of the complainants withheld, and, consequently, no case requiring judicial action.

Decree affirmed.